## COMAR OIL CO. et al. v. ALLEN et al.

No, 23139. Opinion Filed Feb. 21, 1933.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Murphy & Colley and Robert D. Crowe, Asst. Atty. Gen., for respondents.

McNEILL, J. The petitioners, Comar Oil Company and Aetna Life Insurance Company, seek to have this court review an order and award of the State Industrial Commission.

The material facts are these: Respondent Tallie Allen received a compensable injury on May 22, 1925, while in the employment of the Comar Oil Company. A piece of timber, two by six inches, approximately five or six feet long, and weighing about 20 or 24 pounds, fell about 65 feet from an oil well rig striking respondent on the head. On September 3, 1925, respondent returned to work for the Comar Oil Company, and continued in the employment with said company until July 7, 1929. The general character of the work during this period is conflicting. Petitioners contend that the work was the usual heavy work in the oil field. The evidence of the respondent is that the work was of a light nature, such as greasing rod lines, cleaning of derrick floors, and switching oil. After the respondent left the employment of the Comar Oil Company, he went to Texas, and for a time picked cotton. He was adjudged insane thereafter on November 30, 1930, and committed to the insane asylum at Norman, Okla. Mrs. Cora Allen was appointed his legal guardian.

On December 2, 1930, there was filed a motion on behalf of respondent for further compensation due to change in condition. On November 6, 1931, the Commission entered its award, finding that respondent was insane and permanently and totally disabled. The Commission, in part, made the following findings:

"3. That as a result of said injury claimant was temporarily totally incapacitated from any kind of work from date of the injury, May 5, 1925, to September 3, 1925; that upon a stipulation and receipt signed by claimant and respondent on March 3, 1926, the State Industrial Commission made an order on March 6, 1926, closing said case upon payment of 14 weeks' compensation, the sum of $252, which paid the claimant compensation to September 3, 1926.

"4. The Commission further finds that the claimant as a result of said injuries became totally and permanently incapacitated again from doing ordinary manual work on July 8, 1929, and has been since said date totally incapacitated from performing ordinary manual labor, and is now, on this 5th day of November, 1931, incapacitated from performing ordinary manual labor.

"6. The Commission further finds that at the time of the accident, the respondent and insurance carrier had due notice of said accident and voluntarily paid compensation as a result of said accident, as shown by stipulation and receipt filed March 6, 1926.

"7. The Commission further finds that since the 3rd day of September, 1926, the same being the last day upon which compensation was paid; and since the 6th day of March, 1926, the date of the order by the Commission closing the case, the claimant has had a change of condition as a result of

104

the accident on May 5, 1925, and that he is now insane and permanently and totally disabled."

The Commission awarded compensation for a period not to exceed 500 weeks, less the sum of $252 which had theretofore been paid by petitioners as compensation. Petitioners urge two propositions:

First. That the expert testimony linking respondent's insane condition at the time of the award with his original injury lacks the verity of positive proof.

Second. That the respondent had an earning capacity subsequent to the date of his leaving the employment of the Comar Oil Company on July 7, 1929.

It is not necessary to deal in details with petitioners' first proposition. The evidence is conflicting. There is competent expert testimony to the effect that the mental condition of respondent at the time of the entering of the award was due to the original injury received by the respondent in 1925, and that respondent was suffering from traumatic neurosis as a result of the injury received from a plank falling on his head. On the other hand, it was contended by petitioners that respondent was suffering from dementia praecox, which was not attributable to the original injury received by respondent. However, Dr. Turner, who was called on behalf of petitioners, in answer to a hypothetical question propounded to him, on cross-examination testified as follows:

"A. I don't know. I cannot answer that. You are placing a hypothetical question to me that the man was perfectly well before the injury and it all came on after the injury? Q. Yes. A. Well, I think the injury must have had something to do with it."

It appears to be conceded that respondent, at the time the Commission made its award, was insane and permanently and totally disabled. Petitioners fail under their first proposition.

As to the second proposition urged by petitioners, it was developed at the hearing that respondent had picked cotton while in Texas after he had ceased working for the Comar Oil Company. The record is silent as to the time spent by respondent in this work, the wages, if any, which he received, and whether or not respondent, even though he did engage in such work, was able to do so. We are of the opinion that these facts should have been more fully developed, and that the Commission should have made these findings more specific as to whether or not

during this particular period respondent was able to perform ordinary manual labor.

We have often announced the general rule that a general finding supports everything necessary to be found to sustain an award. However, in view of this record, and the substantial amount of the award for compensation, we think it would subserve better the ends of justice that this cause be remanded to the State Industrial Commission for further proceedings on the question of the earning capacity, if any, of respondent at the time he was engaged in picking cotton in Texas. The award is accordingly vacated and set aside, and remanded to the State Industrial Commission for further proceedings not inconsistent with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.