## COMAR OIL CO. et al. v. ALLEN et al.

No. 24861.　Oct. 8, 1935.

Pierce, Follens & Rucker, for petitioners.

Murphy & Colley, for respondent Allen.

PHELPS, J. The respondent herein, who was claimant in the State Industrial Commission, suffered an accidental personal injury on May 22, 1925, which temporarily disabled him until September 2, 1925, for which he was paid compensation by the insurance carrier under the Workmen's Compensation Act.

Subsequently he suffered a change in condition and on December 2, 1930, filed a motion seeking further compensation by reason of that fact, upon which the Commission found that the claimant was totally and permanently disabled and awarded him 500 weeks' compensation. That award was appealed to this court and was vacated and the case remanded for further findings in connection with claimant's earning capacity.

See Comar Oil Co. v. Allen, 162 Okla. 103, 19 P. (2d) 365, for that decision and more detailed facts.

The State Industrial Commission conducted another hearing, pursuant to the results of the above appeal, and found .that the claimant was totally and permanently disabled, as a result of his changed condition, and that said total permanent disability began on November 30, 1930, and awarded him 500 weeks' compensation (less compensation theretofore paid) beginning on and running from said date. This order was. made on July 29, 1933.

The insurance carrier and employer, who admit sufficiency of the evidence to sustain the finding of permanent total disability, now appeal for the second time, contending in this appeal that:

"The award is erroneous and excessive. The five hundred week period should be computed from May 22, 1925, the date of the commencement of any disability."

In other words, the petitioners advance the proposition that, admitting the total permanent disability, compensation therefor can be required for only such permanent total disability as exists during the particular 500 weeks' period of time beginning May 22, 1925, the date of the accident, and that no compensation is payable to claimant for any total permanent disability existing after the running of the 500 weeks immediately following the date of the accident; they say, in effect, that the 500 weeks' compensation prescribed for total permanent disability under section 7290, C. O. S. 1921 as amended, section 13356, O. S. 1931, must run without interruption.

That portion of the above section which is pertinent here reads:

"In case of total disability adjudged to be permanent, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability, not exceeding five hundred weeks. * * *" (The 1931 compilers, through error, omitted the last above comma.)

The phrase "not exceeding five hundred weeks" limits the phrase "during the continuance of such total disability." The language used means that for whatever period of time the total disability may continue compensation shall be paid, but that in no case shall compensation for such total permanent disability be required for more than a total of 500 weeks of payments. The lan-

148

guage does not mean that if 500 weeks' compensation is to be paid it must be without a break or interruption. If the position of petitioners were correct, then the provisions for proper compensation on a change in condition would in many cases be of little or no beneficial effect.

Since the filing of briefs in the instant case this question has been thoroughly considered, discussed and ruled upon by this court in H. F. Wilcox Oil & Gas Co. v. Lewis, 173 Okla. 640, 49 P. (2d) 782. It was there held that there is no language or phraseology to be found in tne above section

"which attempts to limit and restrict such disability to so many continuous successive weeks next succeeding the date of the original injury or from the commencement of any specific disability or schedule award. The limitation is upon the total weekly payments for such factual disability and not upon the period of time within which such disability may be compensated."

For full discussion see that case, and particularly the excerpt therein, adopting the language of the Supreme Court of Massachusetts in Re Paterno's Case, 165 N. E. 391. The fact that in H. F. Wilcox Oil & Gas Co. v. Lewis, supra, the disability was permanent partial, and that in the present case was permanent total, does not create any distinction between the cases in so far as the particular point now under consideration is concerned. For the foregoing reasons, the award is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and GIBSON, JJ., concur.